IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| JOHN T. MARTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>BIMBO FOODS BAKERIES<br>DISTRIBUTION, LLC.; f/k/a<br>GEORGE WESTON BAKERIES<br>DISTRIBUTION, INC.,<br><br>    Defendant; | NO. 5:14-CV-17-BR |
| RICHARD RAMSEY,<br><br>    Plaintiff,<br><br>    v.<br><br>BIMBO FOODS BAKERIES<br>DISTRITUBION, LLC; f/k/a<br>GEORGE WESTON BAKERIES<br>DISTRIBUTION, INC.,<br><br>    Defendant. | NO. 5:14-CV-26-BR |

**<u>ORDER</u>**

This matter comes before the court on John T. Martin's ("Martin") and Richard Ramsey's ("Ramsey") motions to consolidate. (No. 5:14-CV-17-BR, DE # 51; No. 5:14-CV-26-BR, DE # 47). Defendant Bimbo Foods Bakeries Distribution, Inc., f/k/a George Weston Bakeries Distribution, Inc.'s ("defendant" or "BFBD") filed a response in both cases. (No. 5:14-CV-17-BR, DE # 58; No. 5:14-CV-26-BR, DE # 52). This matter is ripe for disposition.

## I. BACKGROUND

On 8 January 2014, Martin filed a complaint in state court asserting several claims related to the termination of his Distribution Agreement with BFBD. (No. 5:14-CV-17-BR, DE # 1-1.) The following day, BFBD removed the action to this court. (Id. at DE # 1.) On 5 February 2015, Martin filed a second suit in state court related to BFBD's actions subsequent to the termination of the Agreement, which BFBD timely removed to this court. Martin v. Bimbo Foods Bakeries Distribution, LLC, No. 5:15-CV-96-BR (E.D.N.C. 2015). By order dated 24 April 2015, the court consolidated Martin's two cases. (No. 5:14-CV-17-BR, DE # 56.)

On 21 January 2014, Ramsey filed a complaint in state court alleging claims arising out of BFBD's termination of his Distribution Agreement. (No. 5:14-CV-26-BR, DE # 1-1.) BFBD removed the action to this court on the same day. (Id. at DE # 1.) On 2 December 2014, Ramsey filed a second suit in state court related to BFBD's actions subsequent to the termination of the Agreement, which BFBD removed to this court on 7 January 2015. Ramsey v. Bimbo Foods Bakeries Distribution, LLC, No. 5:15-CV-6-BR (E.D.N.C. 2015). By order dated 10 April 2015, the court consolidated Ramsey's two cases. (No. 5:14-CV-26-BR, DE # 50.)

Now, Martin and Ramsey (collectively "plaintiffs") request that this court consolidate their remaining actions against BFBD. (DE # 52, at 18.)[1]

## II. DISCUSSION

Rule 42(a) of the Federal Rules of Civil Procedure permits a court to consolidate separate actions before the court if they "involve a common question of law or fact."[2] The court has broad discretion with regard to consolidation. See A/S J. Ludwig Mowinckles Rederi v.

---

[1] Plaintiffs and defendant filed identical briefs in both cases. For the sake of efficiency, the court will cite only to the briefs filed in Martin, No. 5:14-CV-17-BR.
[2] Plaintiffs base their motions for consolidation on Rules 18, 19, and 20 of the Federal Rules of Civil Procedure. (DE # 52, at 15.) However, Rule 42(a) is the proper rule under which to analyze plaintiffs' motions. See Molever v. Levenson, 539 F.2d 996, 1003 (4th Cir. 1976) (applying Rule 42(a) to analyze whether the district court properly consolidated three cases).

2

Tidewater Const. Co., 559 F.2d 928, 933 (4th Cir. 1977) ("District courts have broad discretion under F.R.Civ.P. 42(a) to consolidate causes pending in the same district."). In exercising its discretion, the court must consider:

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Arnold v. Eastern Air Line, Inc., 681 F.2d 186, 193 (4th Cir. 1982).

In broad terms, plaintiffs' cases possess similarities. In addition to naming the same defendant, the same Distribution Agreement governed both of their relationships with BFBD. Further, both plaintiffs argue that BFBD terminated their respective Agreements for participating in a group of distributors that opposed new BFBD pricing policies. (Memo., DE # 52, at 17.) Lastly, both have breach of contract and unfair and deceptive trade practices claims remaining against BFBD. However, the similarities end there. The facts and circumstances surrounding BFBD's purported reasons for each termination are vastly different, complicated, and fact-intensive. BFBD contends that it terminated Martin's Agreement for engaging in "flushing," an alleged fraudulent practice that amounts to a "non-curable breach" under the Agreement. BFBD's witnesses will present the jury with a detailed explanation of this practice, which is factually complicated. As BFBD notes, "[n]one of this is relevant in any way to the facts in Mr. Ramsey's case." (Resp., DE # 58, at 4.) BFBD maintains that it terminated Ramsey's Agreement after he was banned from a Harris Teeter store, which it alleges constitutes a "curable breach" under the Agreement. Witnesses called to testify regarding Ramsey's dealings with the Harris Teeter store, which are central to his case, have no bearing on Martin's case. Additionally, regarding plaintiffs' claims surrounding BFBD's operation and sale of their routes,

3

the court agrees with BFBD that "[i]n both cases, the Sales Areas, outlets serviced, customers, initial cost, value, sales price, and costs of operation of each business are entirely different and unrelated," (id). Further, there is no risk of inconsistent adjudications because there is no legal or factual determination that would dictate the outcome of both cases. Lastly, plaintiffs, represented by the same counsel, filed their initial cases separately over one year ago, and had ample time to request consolidation before such a late stage in litigation.

In light of the significant factual differences regarding the termination of plaintiffs' respective Agreements and defendant's operation and sale of plaintiffs' routes, the court concludes that any judicial efficiency gained by consolidation would be minimal and outweighed by the risk of possible jury confusion.

### III. CONCLUSION

For the foregoing reasons, plaintiffs' motions to consolidate are DENIED.

This 20 May 2015.

_____

W. Earl Britt

Senior U.S. District Judge