IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-17-BR

JOHN T. MARTIN,

    Plaintiff,

v.

BIMBO FOODS BAKERIES
DISTRIBUTION, LLC, f/k/a
GEORGE WESTON BAKERIES
DISTRIBUTION, INC.,

    Defendant.

ORDER

    This matter comes before the court on defendant Bimbo Foods Bakeries Distribution, LLC, f/k/a George Weston Bakeries Distribution, Inc.'s ("BFBD" or "defendant") motion for reconsideration. (DE # 59.) Plaintiff John T. Martin ("Martin" or "plaintiff") filed a response, (DE # 65), to which BFBD replied, (DE # 68). This matter is now ripe for disposition.

## I. BACKGROUND

    By order dated 23 April 2015, this court denied BFBD's motion for summary judgment on Martin's breach of contract and unfair and deceptive trade practices claims. (DE # 53.) The court found that a genuine dispute of material fact exists as to whether BFBD improperly terminated Martin's Distribution Agreement ("Agreement"); namely, whether BFBD's stated reason for termination was merely pre-text for retaliating against Martin for his participation in a committee which spoke out against changes in BFBD's pricing policy. (Id. at 7.) BFBD, pursuant to Federal Rule of Civil Procedure 54(b), now asks the court to reconsider its order "because [it] believes the Court overlooked well settled law entitling BFBD to summary judgment in light of the Court's other findings." (DE # 59, at 1.)

## III.  DISCUSSION

A motion to reconsider an interlocutory order is appropriate only in "certain, limited circumstances."  Wiseman v. First Citizens Bank & Trust Co., 215 F.R.D 507, 509 (W.D.N.C. 2003).  It is proper where:

> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.  A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.  Such problems rarely arise and the motion to reconsider should be equally rare.

Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).  Although rare, such motions "are not subject to the strict standards applicable to motions for reconsideration of a final judgment," as the court "retains the power to reconsider and modify its interlocutory judgments."  Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 515-16 (4th Cir. 2003).

Generally, a party should not use a motion for reconsideration to raise new arguments.  See Bramwell v. Perdue, No. 5:14CV7, 2015 WL 251419, at *2 (N.D. W. Va. Jan. 20, 2015) ("[M]otions to reconsider should not be used to raise new arguments or present new theories.").

> [A] party who fails to present his strongest case in the first instance generally has no right to raise new theories or arguments in a motion to reconsider.  Renfro v. City of Emporia, 732 F.Supp. 1116, 1117 (D. Kan. 1990); Butler v. Sentry Insurance, 640 F.Supp. 806, 812 (N.D. Ill. 1986).  The court is not required to supply the rationale that the parties were unable to find.  See Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) ("court will not construct arguments or theories for the [litigants] in the absence of any discussion of those issues").

Fid. State Bank v. Oles, 130 B.R. 578, 581 (D. Kan. 1991) (cited approvingly in United States v. Duke Energy Corp., 218 F.R.D. 468, 473-74 (M.D.N.C. 2003) (Eliason, M.J., order), aff'd, No. 1:00CV1262, 2012 WL 1565228 (M.D.N.C. Apr. 30, 2012)).

2

In its motion for reconsideration, BFBD, for the first time, argues that it is irrelevant whether it was motivated by improper, retaliatory motives, so long as it had a legal right to terminate Martin's agreement. (Def.'s Mem., DE # 60, at 2-4 (providing string cite of case law standing for this proposition).) BFBD contends that the undisputed evidence shows that Martin committed fraud, thus entitling it to terminate the Agreement. (Id. at 2.) It states, "BFBD is emphatic that it terminated Plaintiff's Agreement solely on the basis of his fraudulent conduct, but, even if that were not the case, BFBD has a [sic] unequivocal right to terminate the Agreement and it thus is entitled to Summary Judgment on all claims brought by Plaintiff." (Id. at 5-6.)

To be sure, BFBD argued in its memorandum in support of its summary judgment motion that Martin breached the Agreement by committing fraud. (DE # 47, at 2.) However, BFBD used evidence of Martin's alleged fraud only to support its ultimate contention that there was no pre-text for the termination. BFBD stated:

> This fraud is the sole reason for the termination of Plaintiff's Distribution Agreement. Plaintiff has no evidence that shows BFBD terminated his Distribution Agreement for any reason *other than* the fraud he committed. The uncontroverted evidence instead shows that BFBD properly terminated its Agreement with Plaintiff with good and valid cause as a direct result of Plaintiff's breach. There was no pre-text for the termination.

(Id.) The court disagreed, finding that a genuine question of material fact exists as to whether there was pre-text for the termination. (DE # 53, at 7.) In its memorandum in support of its summary judgment motion, BFBD never argued that Martin's alleged breach of the Agreement rendered any evidence of pre-text irrelevant. Rather, it persisted in its argument that Martin's alleged breach proved there was no pre-text. (See DE # 47, at 19 ("There is not a single piece of evidence that BFBD terminated Plaintiff's Distribution Agreement for anything other than his

3

breach of that Agreement.").) Further, none of the case law that BFBD cites in support of its new theory was cited in its memorandum supporting its summary judgment motion.

Even assuming that BFBD correctly cites the controlling law in support of its instant motion, the court did not decide as a matter of law the issue of whether Martin committed fraud under the terms of the Agreement. The only question the court decided was whether a genuine dispute of material fact exists as to pre-text. Thus, even if BFBD's ulterior motives are legally irrelevant, the question of whether it had a legal right to terminate the Agreement still remains.

## IV. CONCLUSION

Based on the foregoing, BFBD's motion for reconsideration, (DE # 59), is DENIED.

This 8 June 2015.

_____

W. Earl Britt

Senior U.S. District Judge