IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CV-17-BR

| | | |
|---|---|---|
| JOHN T. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BIMBO FOODS BAKERIES | ) | |
| DISTRIBUTION, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

This consolidated case comes before the court on four motions: (1) a motion (D.E. 89) by defendant Bimbo Foods Bakeries Distribution, LLC ("defendant") to strike the expert designated by plaintiff John T. Martin ("plaintiff"); (2) plaintiff's first motion (D.E. 91) to modify the scheduling order deadline for expert witness reports ("first extension motion"); (3) plaintiff's motion (D.E. 98) to strike certain filings by defendant; and (4) plaintiff's second motion (D.E. 102) to modify the scheduling order deadline for expert witness reports ("second extension motion"). The motions have been fully briefed and referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). (*See* Public Docket Entries dated 29 Feb. 2016, 30 Mar. 2016, and 21 Apr. 2016). For the reasons set forth below, defendant's motion to strike will be denied, plaintiff's first extension motion will be denied as moot, plaintiff's motion to strike will be denied, and plaintiff's second extension motion will be allowed in part and denied in part.[1]

---

[1] Because general background regarding this case is presented in the court's 18 February 2016 Order (D.E. 94) at pages 1-5, the court will not include it in this Order. Background information relating specifically to the motions at issue is discussed herein as necessary.

I.  APPLICABLE LEGAL PRINCIPLES

With exceptions not relevant here, Rule 16 requires that a district court enter a scheduling order setting deadlines for completion of discovery and addressing other scheduling matters. Fed. R. Civ. P. 16(b)(1), (3). "A schedule may be modified only for good cause . . . ." Fed. R. Civ. P. 16(b)(4). The good cause modification provision specific to Rule 16(b)(4) takes precedence over the generally applicable extension provisions of Rule 6(b)(1). *E.g., Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997); *Corkrey v. Internal Revenue Serv.*, 192 F.R.D. 66, 67 (N.D.N.Y. 2000). The good cause provision of Rule 16(b)(4) does not focus on the prejudice to the non-movant or bad faith of the moving party, but rather on the moving party's diligence. *Dilmar Oil Co.*, 986 F. Supp. at 980; *see also Cook v. Howard*, 484 Fed. Appx. 805, 815 (4th Cir. 2012) ("'Good cause' requires 'the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence,' and whatever other factors are also considered, 'the good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule.'") (quoting 6A Charles Alan Wright, *et al.*, *Fed. Prac. & Proc. Civ.* § 1522.2 (2010)); *McDonald v. Marlboro County*, 5:12CV1725-RBH-KDW, 2013 WL 6580631, at *4 (D.S.C. 16 Dec. 2013) ("[T]he key to the 'good cause' analysis of Rule 16 is whether the party was diligent in seeking to amend."); Fed. R. Civ. P. 16(b), advisory committee's note—1983 amendment ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). The party moving to modify a scheduling order bears the burden of demonstrating the existence of good cause. *United States v. Cochran*, No. 4:12–CV–220–FL,

2

2014 WL 347426, at *2 (E.D.N.C. 30 Jan. 2014) (citing *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008)). "[T]he scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987) (quoting *Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)).

> Rule 37(c)(1) addresses tardy disclosure of expert witnesses:
>
> If a party fails to provide information or identify a witness as required by Rule 26 . . . (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions . . . .

Fed. R. Civ. P. 37(c)(1).

## II. DEFENDANT'S MOTION TO STRIKE (D.E. 89) AND PLAINTIFF'S FIRST EXTENSION MOTION (D.E. 91)

### A. Background

On 16 July 2016, plaintiff filed a motion to compel (D.E. 71) discovery responses. While the motion to compel was pending, on 14 September 2015, plaintiff filed a notice designating Leonard P. Chalnick as an expert on damages. (Exp. Desig. (D.E. 83)). Plaintiff did not at that time provide a report by Mr. Chalnick, which is required under Rule 26(b)(4). Rather, plaintiff stated that he would "upon completion of discovery, further provide information as required by Rule 26(b)(4)." *Id.* at 1. Plaintiff did not provide a report by the then-current discovery deadline of 16 November 2016. On 28 January 2016, defendant filed the instant motion (D.E. 89) to

strike plaintiff's designation of Mr. Chalnick for failure to produce his expert report by the 16 November 2016 discovery deadline.

Plaintiff represents that shortly thereafter, on 1 February 2016, he received a report from Mr. Chalnick (D.E. 92-4) and immediately provided it to defendant. (*See* Pl.'s 1st Ext. Mot. 2 ¶ 7). Ten days later, on 11 February 2016, plaintiff filed his first extension motion (D.E. 91) requesting that the expert report deadline be extended until that date so that the report by Mr. Chalnick would be deemed timely. He argues that the pendency of his motion to compel warranted the delay in producing the report. Notably, the report produced was labelled throughout as a draft and was unsigned by Mr. Chalnick. (*See* Chalnick Rep.). These facts, considered with the pendency of plaintiff's motion to compel, substantiate that the report produced was intended to be tentative in nature, subject to possible revision in the event additional discovery was obtained pursuant to the motion to compel.

By order entered 18 February 2016, the undersigned allowed plaintiff's motion to compel and directed defendant to supplement various discovery responses with information pertaining to plaintiff's claims for damages. (18 Feb. 2016 Ord. (D.E. 94) 15 ¶¶ 1-2). The order also extended to 15 April 2016 the deadline for plaintiff to produce reports from retained experts. (*Id.* ¶ 5.a).

### B. Analysis

The 18 February 2016 Order did not exclude any report by Mr. Chalnick from the relief it provided. As was implicit in the order and as the court now finds expressly, defendant's failure to provide complete discovery responses precluded plaintiff from complying with the 15 October

2016 expert report deadline. Plaintiff therefore cannot justly be deemed to have been untimely in producing an expert report by Mr. Chalnick.

There accordingly is no basis for defendant's motion to strike Mr. Chalnick's designation as an expert witness. The motion is accordingly DENIED.

The extension for plaintiff's expert reports allowed by the court in its 18 February 2016 Order, until 15 April 2016, obviates the much shorter extension sought by plaintiff in his first extension motion, until 11 February 2016. Plaintiff's first extension motion is accordingly DENIED AS MOOT.

### III. PLAINTIFF'S MOTION TO STRIKE (D.E. 98)

In his motion to strike, filed 1 March 2016, plaintiff asks the court to strike the reply (D.E. 95) and declaration (D.E. 96) defendant filed in further support of its motion to strike plaintiff's expert designation and in opposition to plaintiff's first extension motion. Plaintiff argues that the reply and declaration were untimely by a few days because they were filed after the deadline for defendant to file a reply to plaintiff's response to its motion to strike. Defendant contends that they were timely because they were filed by the deadline for it to respond to plaintiff's first extension motion.

It is regrettable that a dispute of this nature and magnitude could not be resolved by counsel without involving the court. In its discretion, and to promote judicial efficiency and the interest of justice, the court has deemed the reply and declaration timely and considered them in evaluating defendant's motion to strike and plaintiff's first extension motion. Plaintiff's motion to strike is accordingly DENIED.

## IV. PLAINTIFF'S SECOND EXTENSION MOTION (D.E. 102)

On 15 April 2016, the current deadline for production of plaintiff's expert reports, plaintiff filed his second extension motion seeking extension of the expert report deadline to 15 May 2016. Plaintiff contends that the extension is necessitated by continuing disputes with defendant over the production of discovery responses. Defendant opposes the extension, disputing the diligence exercised by plaintiff.

The court finds that good cause has been shown, pursuant to Rule 16(b)(4), for extension of the deadline for plaintiff's expert reports, although not for the full period sought. As a consequence of this extension, extension of related deadlines will be required. Plaintiff's second extension motion is therefore ALLOWED IN PART and DENIED IN PART on the following terms:

1. Reports from retained experts, limited to the subject matter prescribed in the 18 February 2016 Order ¶ 5.a, shall be due from plaintiff by 9 May 2016 and from defendant by 8 June 2016. Plaintiff shall make his experts available for deposition by 30 May 2016, and defendant shall make its experts available for deposition by 29 June 2016.

2. Any potentially dispositive motions shall be filed by 29 July 2016.

3. Except as modified herein, the terms of the amended scheduling order (D.E. 79) as modified in paragraph 5 of the 18 February 2016 Order shall remain in full force and effect.

4. There shall be no further modification in the case schedule absent a showing of truly extraordinary circumstances. Any party or counsel responsible for conduct, whether acts or omissions, causing any further delay in the completion of discovery shall be subject to all remedies available to the court.

## IV. CONCLUSION

In sum, for the reasons and on the terms set out above, IT IS ORDERED that defendant's motion to strike (D.E. 89) is DENIED; plaintiff's first extension motion (D.E. 91) is DENIED AS MOOT; plaintiff's motion to strike (D.E. 98) is DENIED; and plaintiff's second extension motion (D.E. 102) is ALLOWED IN PART and DENIED IN PART.

SO ORDERED, this 2nd day of May 2016.

James E. Gates
United States Magistrate Judge