IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-17-BR

JOHN T. MARTIN,

    Plaintiff,

v.

BIMBO FOODS BAKERIES
DISTRIBUTION, INC.; f/k/a
GEORGE WESTON BAKERIES
DISTRIBUTION, INC.,

    Defendant.

ORDER

       This matter comes before the court on plaintiff John T. Martin's ("plaintiff") withdrawal of his demand for jury trial and motion for entry of judgment by the court. (DE # 167.) Upon order of the court, defendant Bimbo Foods Bakeries Distribution, Inc., f/k/a George Weston Bakeries Distribution, Inc.'s ("defendant") filed an expedited response. (DE # 169.)

       By way of pertinent background, in 2006, the parties entered into a distribution agreement. A provision of that agreement operates as a waiver of the parties' right to a trial by jury regarding "any litigation based [on] or arising out of th[e] Agreement or any acts, omissions, transactions or course of dealing" under the agreement. (DE # 1-1, at 35.) In January 2014, plaintiff filed an action in state court based on defendant's termination of the distribution agreement and included a demand for a jury trial. Defendant subsequently removed the action to this court.

       In February 2015, plaintiff filed a second action against defendant in state court based on defendant's operation and sale of plaintiff's distribution route and demanded a jury trial.

Defendant then removed the action to this court, and the court consolidated the two actions. Defendant has never demanded a jury trial.

The consolidated action was set for jury trial. On 4 October 2016, after five days of evidence and nearly two days of jury deliberations, the court declared a mistrial upon the jury's failure to reach a unanimous verdict. The court has set the retrial of the case for 5 December 2016.

On 19 October 2016, plaintiff filed the instant motion and gave notice of his withdrawal of his jury demand. Relying on Rules 38(d) and 39(b) of the Federal Rules of Civil Procedure, plaintiff contends that based on defendant's assent to the jury trial waiver in the distribution agreement, defendant has consented to plaintiff's withdrawal of his jury demand or, alternatively, in light of the contractual waiver and the failure to request a jury trial, defendant has waived a jury trial. Defendant states that it does not consent to plaintiff's jury demand withdrawal and emphasizes that both parties have proceeded to this point with the understanding that the case was going to be tried by a jury. Defendant further contends that plaintiff's motion is frivolous and requests that plaintiff's counsel be sanctioned.

Under Rule 38(d), "[a] proper demand may be withdrawn only if the parties consent." When a party has demanded a jury trial under this rule, a trial by jury on all issues so demanded is mandated unless "the court, on motion or on its own, finds that on some or all those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2). Pursuant to Rule 39(b), if a party does not demand a jury trial, the trial is by the court.

Regarding withdrawal of a jury demand, consent of the other parties is required under Rule 38(d) only where jury trial is a matter of right. Kramer v. Bank of Am. Secs., LLC, 355 F.3d 961, 968 (7th Cir. 2004). Furthermore, "Rule 39 does not preclude a party from

2

withdrawing its consent to a jury trial of non-jury issues." Rockwood v. SKF USA, Inc., No 08-cv-168-PB, 2009 WL 4726637, at *1 (D.N.H. Dec. 3, 2009) (citing Kramer, 355 F.3d at 968). That does not mean, however, that when a party withdraws its jury trial demand of non-jury issues, the court must hold a non-jury trial. Other considerations, such as prejudice to the opposing party and delay, may come into play. Cf. Kramer, 355 F.3d at 968 (concluding that the defendant properly withdrew its consent to a jury trial of non-jury issues where district court had determined that it "was not too late in the litigation process and [the opposing party] has provided no reason why she was prejudiced"); Transunion Risk & Alternative Data Solutions, Inc. v. Challa, No. 9:15-CV-81049-ROSENBERG/HOPKINS, 2015 WL 8479022, at *2 (S.D. Fla. Dec. 10, 2015) (finding no prejudice would result to the defendant from enforcing the jury trial waiver in the parties' agreement where a year remained before trial and granting the plaintiff's motion to withdraw its jury demand and to strike the defendant's jury demand); Beal Bank USA v. Karp, No. 08-22519-Civ., 2014 WL 3763949, at *22, 24 (S.D. Fla. July 30, 2014) (recognizing that "a delay of three years might be sufficient to demonstrate a waiver of the ability to now contest the request for a jury trial" and concluding that the defendant had not demonstrated how he would be prejudiced by the plaintiff's withdrawal of its demand for a jury trial where the parties waived the right to jury trial in the pertinent agreement); Rockwood, 2009 WL 4726637, at *1 (rejecting the plaintiffs' claim of prejudice and granting the defendant's motion to strike the plaintiffs' jury demand where the parties had waived the right to a jury trial in their contract).

In this case, neither party disputes the enforceability and applicability of the jury trial waiver provision in the distribution agreement. By that provision, the parties do not have a right to trial by jury, and plaintiff does not need defendant's consent to withdraw its demand for jury

trial.  See Beal Bank USA, 2014 WL 3763949, at *22-23; Rockwood, 2009 WL 4726637, at *1.  Nonetheless, the court, in its discretion, will deny plaintiff's motion because of the delay.  Plaintiff waited until after the first jury deadlocked to withdraw its jury trial demand.  All parties (and the court) have been operating throughout this litigation with the understanding that trial would be by jury.  It is too late for plaintiff to change course now after nearly three years of litigation and just six weeks before retrial.  The case remains set for jury trial.

Turning to defendant's request for sanctions, defendant claims that plaintiff's motion is frivolous and that by providing information in its motion about jury deliberations, plaintiff "intentionally tainted" the court and the court cannot now sit as the trier of fact.  First, plaintiff's motion is not frivolous.  "Frivolous" means "[l]acking a legal basis or legal merit."  Black's Law Dictionary at 783 (10th ed. 2014).  Given the case law above regarding a party's ability to withdraw its demand for a jury trial on non-jury issues without the consent of the opposing party, plaintiff's motion is not meritless.

Second, although plaintiff did disclose in its motion that the jury was deadlocked 8-4 in plaintiff's favor on the first issue, nothing is wrong with that fact in and of itself.  The court in its instructions to jurors did caution them that in any communication with the court, their numerical division, if any, must not be disclosed.  That admonition is standard in civil and criminal trials over which the undersigned presides.  The court so cautions the jury out of the concern over the potential coercive effect an Allen charge, if necessitated, might have on the jury to reach a verdict.  See Ellis v. Reed, 596 F.2d 1195, 1197, 1199 (4th Cir. 1979).  This concern no longer exists because the jury's numerical division was not disclosed until after the court declared a

mistrial. That plaintiff disclosed the jury's numerical division is therefore of no moment.[1] The court declines to sanction plaintiff's counsel.

Finally, the court addresses defendant's position that the court is now disqualified from participation in a bench trial. If counsel believes the undersigned has been compromised by being informed of the content of the jurors' discussions with opposing counsel or in some other way, counsel may file a motion for recusal.

Plaintiff's motion for entry of judgment is DENIED.

This 31 October 2016.

*[signature]*

                         W. Earl Britt

                         Senior U.S. District Judge

---

[1] In fact, after having declared a mistrial and informing jurors that they were free to discuss with anyone, including the attorneys, the court spoke with the jury foreman and learned indeed there was an 8-4 juror spilt in favor of plaintiff.