IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN T. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 5:14-CV-17-BR |
| | ) | |
| BIMBO FOODS BAKERIES DISTRIBUTION INC., formerly known as GEORGE WESTON BAKERIES DISTRIBUTION, INC., a Delaware Corporation, | ) ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| RICHARD RAMSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 5:14-CV-26-BR |
| | ) | |
| BIMBO FOODS BAKERIES DISTRIBUTION INC., formerly known as GEORGE WESTON BAKERIES DISTRIBUTION, INC., a Delaware Corporation, | ) ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

These cases are before the court on the motions (D.E. 173 in *Martin*; D.E. 123 in *Ramsey*) by defendant Bimbo Foods Bakeries Distribution, Inc. ("defendant") to excuse the in-person attendance of its corporate representative at the settlement conference scheduled in these cases for 9 November 2016 (*see* 3 Nov. 2016 Ord. (D.E. 171) in *Martin*; 3 Nov. 2016 Ord. (D.E. 121) in *Ramsey*). The motions state that plaintiffs John Martin and Richard Ramsey take no position on the attendance of defendant's corporate representative.

The court finds that good cause exists for excusing defendant's corporate representative from personal attendance at the settlement conference. In addition to the considerations cited by defendant, a significant factor in the court's determination is the short period of time between entry of the orders scheduling the settlement conference, 3 November 2016, and the date of the conference. The impending trial date in these cases necessitated this prompt scheduling. *See* 4 Oct. 2016 Sched. Entry after D.E. 166 in *Martin* (setting trial for 5 Dec. 2016); 3 Oct. 2016 Sched. Entry in *Ramsey* (same).

Defendants' motions are therefore ALLOWED. Defendant's corporate representative is excused from in-person attendance at the 9 November 2016 settlement conference, but he shall be available by telephone at all times during the settlement conference. Counsel for defendant remains subject to the requirement to appear in person at the settlement conference. Nothing herein shall be deemed to limit the court's discretion with respect to arrangements for any further settlement proceedings in this case. Absent exceptional circumstances, defendant should plan on its corporate representative being required to appear in person at any further settlement conferences in either of these cases.

SO ORDERED, this 7 day of November 2016.

James E. Gates
United States Magistrate Judge